STATE, BOWDEN, PROSECUTOR, v. OVERSEER OF THE POOR OF RANDOLPH TOWNSHIP AND JOHN F. WOOD.

1. The act entitled "An act for the security of manufacturers of mineral waters and other beverages," approved February 21st, 1854, and the supplement thereto, approved March 25th, 1863, (*Nix. Dig.* 541–542,) was intended to confer a special privilege only on persons engaged in the manufacture of the specified beverages within this state. Its provisions do not extend to persons engaged in the manufacture in other states, though they vend in this state such beverages of their own manufacture.

2. The penalties prescribed by those statutes are incurred only by such persons as shall, without the written permission of the owner, sell, dispose of, buy or traffic in any bottle or bottles marked as required by the act—a description of which has been filed in the clerk's office—or shall wilfully break or destroy any such bottle, &c., or shall fill with mineral water or other beverages any such bottle for the purpose of sale. The penalty is not incurred by a dealer of bottles, or junk vendor, who shall have secreted upon his premises, or in any other place, bottles stamped and registered as prescribed by the act.

3. The third section of the act of 1854, which authorizes a warrant to search the premises where it is alleged that bottles stamped and registered are secreted, on oath or affirmation being made before a magistrate, is only in aid of a suit for penalties, to be regularly proceeded

with by filing a statement of demand, which shall allege the doing of some one of the acts for which a penalty is given. The affidavit made to obtain such a warrant is not a sufficient complaint to proceed on at the trial.

4. In an action for penalties, where the case is tried by a jury, it is the province of the jury to determine the amount of the penalties incurred. The justice cannot, on a verdict of guilty, determine how many penalties the defendant shall be liable to pay.

On *certiorari.*

Argued at June Term, 1879, before Justices DEPUE, VAN SYCKEL and DIXON.

For the plaintiff in *certiorari, A. C. Smith.*

The opinion of the court was delivered by

DEPUE, J. This suit was begun on the 2d of October, 1878, by an affidavit on the oath of one Henry C. Butler, an agent of Seitz Brothers. It was brought to recover penalties under an act entitled "An act for the security of manufacturers of mineral waters and other beverages," approved February 21st, 1854, and a supplement, approved March 25th, 1863, (*Nix. Dig.* 541–542,) and resulted in a verdict of guilty, on which judgment was rendered "that the defendant has forfeited ninety-eight penalties under the act entitled, &c., and that the defendant shall pay unto the overseer of the poor of the township of Randolph, for the benefit of the poor of said township, and to John F. Wood, the constable who made the arrest, the sum of forty-nine dollars, debt, and ten dollars and eighty-five cents, costs of suit."

The affidavit charged that Seitz Brothers, a co-partnership engaged in the manufacturing of mineral waters and other beverages at Easton, in the State of Pennsylvania, and also within the State of New Jersey and county of Morris, filed in the office of the clerk of the county of Morris a description of the bottles used by them in the manufacturing of mineral waters and other beverages, with the names and

marks on said bottles, and in all respects conformed to the law for the protection of their property; that all the bottles used by said co-partnership were stamped with the names of ."Seitz Bros." or " John A. Seitz," and were so designated and registered; that the deponent had been informed, and verily believed, that one John Bowden, (the defendant,) of the town of Dover, in the county aforesaid, a dealer in bottles, or junk vendor, had a large number of bottles secreted upon his premises, or about the same, upon which the marks " Seitz Bros.," or " John A. Seitz," or both marks, were stamped, and that the said Bowden had not purchased said bottles of the deponent, or of said co-partnership, of which the deponent was agent. The affidavit concluded with a prayer that process, in the nature of a search warrant, should issue, to search the premises of the said Bowden, and that the said Bowden, if in possession of said bottles as aforesaid, should be brought before the magistrate issuing said warrant, to be dealt with as law and justice may require.

On this affidavit the justice issued process such as was prayed for, and delivered it to a constable. The constable returned the warrant, "with the property—ninety-eight bottles—and the prisoner, before the court." Trial by jury was demanded, and the justice proceeded with the trial on the affidavit alone, without any statement of demand or other pleadings, and on a simple verdict of guilty rendered by the jury, proceeded himself to adjudge a forfeiture of ninety-eight penalties.

On this record several reasons are assigned for reversal.

*First.* It is contended that Seitz Brothers are not such manufacturers as are within the provisions of the statute.

The first section of the act of 1854 provides that " all manufacturers of mineral waters or other beverages, in bottles upon which their names or mark or marks should be respectively impressed, may file in the office of the clerk of the county in which the business of such manufacturers is conducted, a description of such bottles, and of the names or marks thereon, and shall cause the same to be published for four weeks successively in a daily, weekly or other newspaper

published in the county wherein the same shall be manufactured or sold."

It is manifest that it was the legislative purpose by this act to confer a special privilege only on persons engaged in the manufacture of the specified beverages within this state, and that its provisions do not extend to persons engaged in the manufacture in other states, though they may vend in this state such beverages of their own manufacture. The language of the act is too plain to admit of any other construction. The description of the bottles, and of the name or names thereon, can be filed only in the office of the clerk of the county in which the business of such manufacturers is conducted. The succeeding words of reference to "the county wherein the same shall be manufactured or sold," relate only to the place where advertisement by publication may be made. This is the plain and obvious meaning of the act, giving effect to all the language used, beyond which it is not permissible to go in the construction of penal statutes.

In the affidavit laid before the justice, it is stated that Seitz Brothers are engaged in manufacturing mineral waters and other beverages in Easton, in the State of Pennsylvania, and also within the State of New Jersey. In the certificate filed in the clerk's office of the county of Morris, they state that they are manufacturing at the borough of Easton, and doing business within the State of New Jersey as manufacturers, &c. And it is admitted in the stipulation signed by counsel and made part of the case, that that firm does not manufacture within the State of New Jersey, but conduct their business as manufacturers wholly in the State of Pennsylvania. In this state the firm only carries on the business of vendors of their own manufactured articles, which are manufactured in another state. As such vendors they are not entitled to have the benefit or advantage of the statute.

*Second.* It is insisted, that upon the papers before the justice it did not appear that the defendant had done any of the acts for which a penalty was incurred. The case was heard on the preliminary affidavit, without any statement of demand.

VOL. XII.                2 G

The only acts for which a penalty is inflicted, are those enumerated in the supplement of 1863, which declares it "to be unlawful for any person or persons, without the written permission of the owner thereof, to sell, dispose of, buy or traffic therein, or to wilfully break or destroy any such bottle so marked, and not bought by him or her of such owner, or to fill with mineral water or other beverages any such bottle, for the purpose of sale, and any such person so offending shall be liable to the penalty of fifty cents for every bottle so filled, bought, sold, destroyed, used or trafficked in." The affidavit only charges that the defendant was a dealer in bottles, or junk vendor, and that he had a large number of bottles secreted upon his premises, or about the same, which were duly marked, which he had not purchased of Seitz Brothers, or of their agent. The statute prescribes no penalty for that cause. The power to obtain a warrant, and make search and arrest and seizure, is given by the third section of the act of 1854. That proceeding is only in aid of a suit for penalties to be regularly proceeded with by the filing of a statement of demand, which shall allege the doing of some one of the acts for which a penalty is given by the supplement of 1863.

*Third.* The justice was in error in determining the amount of the penalties on a simple verdict of guilty. The cause being tried by a jury, the fact whether any penalty had been incurred, and also the amount of the penalties incurred, were for their determination.

For these reasons the judgment should be reversed, with costs.